**EXHIBIT D**

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FDS RESTAURANT, INC.<br>2653 Connecticut Avenue<br>Washington, D.C. 20008<br><br>    On behalf of itself and all<br>    Others similarly situated,<br><br>    Plaintiffs<br><br>v.<br><br>ALL PLUMBING INC. SERVICE,<br>PARTS, INSTALLATION<br>921 North Jackson Street<br>Arlington, Virginia 22201<br><br>    Serve: All Plumbing Inc.<br>    Service, Parts, Installation<br>    c/o Kabir Shafik, Its President<br>    921 North Jackson Street<br>    Arlington, Virginia 22201<br><br>    And<br><br>KABIR SHAFIK<br>921 North Jackson Street<br>Arlington, Virginia 22201<br><br>    Serve: Kabir Shafik<br>    921 North Jackson Street<br>    Arlington, Virginia 22201<br><br>    Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Case No.:  0009575-11<br><br>CLASS ACTION COMPLAINT<br><br> |

* * * * * * * * * * * *

## CLASS ACTION COMPLAINT

Plaintiff, FDS RESTAURANT, INC. ("Plaintiff"), brings this action on behalf of itself and all other persons similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants, KABIR SHAFIK and

ALL PLUMBING INC. SERVICE, PARTS, INSTALLATION (collectively "Defendants"), pursuant to Superior Court Rule 23:

## PRELIMINARY STATEMENT

1. This case challenges Defendants' practice of faxing unsolicited advertisements.

2. The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA.

5. Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6. Jurisdiction is conferred in that Defendants have transacted business and committed tortious acts related to the matters complained of herein. Jurisdiction exists under D.C. Code §11-291, 47 U.S.C §§153 and 227 and District of Columbia Court Rules 23 and 23-I.

7. Venue is proper in the District of Columbia because some of the tortious acts complained of occurred in the District of Columbia.

8. Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees. The total damages sought by the class in the aggregate exceed $5000.

## PARTIES

9. Plaintiff is a corporation with its principal place of business in the District of Columbia.

10. On information and belief, Defendant, ALL PLUMBING INC. SERVICE, PARTS, INSTALLATION, is a Virginia corporation which has its principal place of business in Arlington, Virginia.

11. On information and belief, Defendant KABIR SHAFIK is an officer, director, shareholder and control person of Defendant ALL PLUMBING INC. SERVICE, PARTS, INSTALLATION.

12. On information and belief, Defendant KABIR SHAFIK approved, authorized and participated in the scheme to broadcast by facsimile by: (a) directing a list to be purchased or assembled; (b) directing and supervising employees or third parties to send the faxes; (c) creating and approving the form of facsimile to be sent; (d) determining the number and frequency of the facsimile transmissions; and (e) approving or paying the employees or third parties to send the facsimiles.

## FACTS

13. On or about September 23, 2006 Defendants faxed an advertisement to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

14. Defendants created or made Exhibit A which is a good or product which Defendants distributed to Plaintiff and the other members of the class.

15. Exhibit A is a part of Defendants' work or operations to market Defendants' goods or services which was performed by Defendants and on behalf of Defendants. Therefore, Exhibit A constitutes material furnished in connection with Defendants' work or operations.

16. Plaintiff had not invited or given permission to Defendants to send the faxes.

17. On information and belief, Defendants faxed the same and similar facsimiles to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

18. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

19. Defendants' facsimiles did not display a proper opt out notice as required by 64 C.F.R. 1200.

20. This is the second class action brought against Defendants. On September 14, 2010, another class plaintiff filed suit which tolled the statute of limitations for this plaintiff and the entire class.

## CLASS ACTION ALLEGATIONS
## PURSUANT TO SUPERIOR COURT RULE 23-I

21. **Superior Court Rule 23-I(a)(1):** This suit is properly maintained as a class action under Superior Court Rule 23(b)(3).

## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

4

22. **Superior Court Rule 23-I(a)(2)(i):** Plaintiff brings this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after September 14, 2006 (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, (3) with respect to whom Defendants cannot provide evidence of prior express permission or invitation for the sending of such faxes, and (4) with whom Defendants did not have an established business relationship.

The appropriate size of the Class is 10,281.

23. **Superior Court Rule 23-I(a)(2)(iii):** The questions of law and fact common to the class are set forth herein.

There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

(i) Whether Defendants sent unsolicited fax advertisements;

(ii) Whether Defendants' facsimiles advertised the commercial availability of property, goods, or services;

(iii) The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iv) Whether Defendants faxed advertisements without first obtaining the recipients' express permission or invitation;

(v) Whether Defendants violated the provisions of 47 USC § 227;

(vi) Whether Plaintiff and the other class members are entitled to statutory damages;

5

(vii) Whether Defendants should be enjoined from faxing advertisements in the future; and

(viii) Whether the Court should award trebled damages.

24. **Superior Court Rule 23-I(a)(2)(ii):** The basis upon which Plaintiff claims to be an adequate representative of the class is that Plaintiff is a corporation maintaining its principal office within the District of Columbia, and received advertisements attached hereto as Exhibit A without providing Defendants its prior express permission or invitation to send Exhibit A to Plaintiff. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

25. **Superior Court Rule 23-I(a)(2(iv):** The allegations supporting the finding required by Superior Court Rule 23(b)(3) are the following:

(A) The members of the class have expressed no interest in individually controlling the prosecution of separate actions. The low statutory damages per claim and the requirement that corporations and limited liability companies be represented by counsel make it impractical and not economically feasible for Class Members to pursue their actions individually.

(B) To the best of knowledge of Plaintiff and counsel, no other litigation has been filed by any class members concerning the controversy alleged in the suit.

(C) It is desirable to concentrate the litigation of claims in this forum for reasons of judicial economy and consistency.

(D) No difficulties are likely to be encountered in the management of a class action.

26. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1).

27. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

28. The TCPA provides:

> 3. <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) Both such actions.

29. The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

30. Defendants violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission.

31. The TCPA is a strict liability statute and Defendants are liable to Plaintiff and the other class members even if its actions were only negligent.

7

32. Defendants knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendants or anybody else to fax advertisements about Defendants' goods or services, that Plaintiff the other class members did not have an established business relationship with Defendants and that Exhibit A is an advertisement, and that Exhibit A did not display a proper opt out notice.

33. Defendants' actions caused damages to Plaintiff and the other class members. Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes. Moreover, Defendants' faxes used Plaintiff's fax machine. Defendants' faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendants' illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Defendants' faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other class members from the sending of Exhibit A occurred outside Defendants' premises.

34. Even if Defendants did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendants' advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, FDS RESTAURANT, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, KABIR SHAFIK and ALL PLUMBING INC. SERVICE, PARTS, INSTALLATION, jointly and severally, as follows:

    A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

    B.    That the Court award $500.00 in damages for each violation of the TCPA;

    C.    That the Court enter an injunction prohibiting Defendants from engaging in the statutory violations at issue in this action; and

    D.    That the Court award costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

Respectfully submitted,
FDS RESTAURANT, INC., individually and as the representative of a class of similarly-situated persons

By: _____
Stephen H. Ring

Stephen H. Ring
LAW OFFICES OF STEPHEN H. RING, P. C.
506 Main Street, Suite 215
Gaithersburg, MD 20878
Telephone: (301) 563-9249
D.C. Bar No. 255562

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: (847) 368-1500

Phillip A. Bock
BOCK & HATCH, LLC
134 North LaSalle Street, Suite 1000
Chicago, IL 60602
Telephone: (312) 658-5500

# All Plumbing Inc
921 N Jackson St
Arlington, VA 22201
**703-525-7973**
www.allplumbing.com



## Commercial & Residential
# Plumbing Service

 ~ **10% OFF** ~ with this ad 



*Creative Plumbing Solutions
Innovative Technologies
Commitment to Our Trade*

☆ **24 hr service** ☆

☆ **Water Main and Sewer Repair** ☆

☆ **Leaking Faucet, Pipe, Toilet Repair** ☆




TO STOP RECEIVING MESSAGES call (646) 744-9734
Toll Free, Log on to www.removemynumbernow.com or (866) 374-8858

Exhibit A