**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| | ) | |
| **FDS RESTAURANT, INC.,** | ) | |
| | ) | |
| **v.** | ) | **Civil No. 12-394 (RMC)** |
| | ) | |
| **ALL PLUMBING INC., SERVICE,** | ) | |
| **PARTS, INSTALLATION and KAVIR** | ) | |
| **SHAFIK,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**OPINION AND ORDER**

Plaintiff moves to remand to D.C. Superior Court.   Because the removal was not timely, the motion will be granted.

A notice of removal must be filed "within thirty days after the receipt by defendant . . . of a copy of the initial pleading.   28 U.S.C. § 1446(b).   The defendants in a removal action bear the burden of proving federal court jurisdiction.   *Bhagwanani v. Howard Univ*., 355 F. Supp. 2d 294, 297 (D.D.C. 2005).   Federal courts strictly construe the scope of removal jurisdiction. *Id*.

In this case, Plaintiff filed a complaint in D.C. Superior Court on December 2, 2011 alleging that Defendants violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, by sending unsolicited advertisements by facsimile.[1]   Defendants did not remove this action until March 9, 2012, relying on an exception to the 30-day rule:

> If the case stated by the initial pleading is not removable, a notice of
> removal may be filed within thirty days after receipt by the defendant,

---

[1]  Plaintiff has moved to certify this case as a class action.   *See* Notice of Removal [Dkt. 1], Ex. D (Compl.) & Ex. E (Mot. to Certify Class Action).

> through service or otherwise, of a copy of an *amended pleading motion, order, or other paper from which it may be first ascertained that the case is one which is or has become removable*.

28 U.S.C. § 1446(b) (emphasis added).   Defendants assert that this case did not become removable until after the Supreme Court ruled in *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).   Before *Mims*, district courts in this Circuit deferred to the majority of the federal circuits in rejecting federal question jurisdiction over TCPA claims.   *See, e.g., Kopff v. World Research Grp, LLC*, 298 F. Supp. 2d 50, 55 (D.D.C. 2003).   *Mims* clarified that federal courts and state courts have concurrent jurisdiction over private TCPA claims.   132 S. Ct. at 747.

The "order or other paper" clause in § 1446(b) generally refers to documents generated in state court litigation.   *See, e.g., Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1035-36 (10th Cir. 1998) (case became removable when plaintiff answered interrogatories indicating that alleged injuries occurred on an Air Force Base and federal jurisdiction applied).   A judicial decision in another case is not an "order or other paper," *see Dudley v. Putman Inv. Funds*, 472 F. Supp. 2d 1102, 1110 (S.D. Ill. 2007),[2] except in limited circumstances where the same defendant is present in both actions.   *See Green v. R.J. Reynolds Tobacco Co.*, 274 F.3d 263, 267 (5th Cir. 2001).

The *Mims* decision is not an "order or other paper" under § 1446(b).   It is not a document generated in the Superior Court litigation and it is not an order in another case in which Defendants were a party.   Further, while *Mims* clarified that concurrent federal jurisdiction applied to TCPA claims, the *Mims* decision recognized, but did not create, federal jurisdiction.

---

[2] *See also Coman v. Int'l Playtex, Inc.*, 713 F. Supp. 1324, 1327 (N.D. Cal. 1989) (amendment of jurisdictional statute does not constitute an "order or other paper" permitting removal under § 1446(b); *Martropico Compania Naviera S.A. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara (Pertamina)*, 418 F. Supp. 1035, 1037-38 (S.D.N.Y. 1977) (same).

*Critchfield Physical Therapy, P.C. v. The Taranto Group., Inc.*, No. 12-2087, 2012 WL 1298361, *2 (D. Kan. Apr. 16, 2012). "The release of a Supreme Court decision clarifying that claims under the TCPA can justify federal question jurisdiction does not constitute a new basis for removal under 28 U.S.C. § 1446." *Id.* at *3. To the contrary, jurisdiction is determined based on the facts as they existed at the time the case was filed. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71 (2004). Subject matter jurisdiction exists for removal purposes where a case involves a federal question "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The basis for federal jurisdiction here is the TCPA, a federal statute alleged on the face of the complaint.

Even if the Court were to find that *Mims* was a triggering event for the purpose removal, Defendants still missed the 30-day deadline. *Mims* was decided on January 18, 2012, and Defendants did not remove until March 9, 2012.

Defendants protest that they could not ascertain whether the case was removable until after the D.C. Superior Court decided a motion to dismiss for lack of personal jurisdiction that was pending at the time that *Mims* was decided. They allege that the Superior Court denied their motion to dismiss on February 29, 2012, and that they properly removed within 30 days after this date. Other courts have rejected this very argument. *See Ballard v. Tritos, Inc.*, No. 10-cv-2757, 2010 WL 5559544, at *2 (D. Colo. Dec. 30, 2010) (§1446(b) does not permit a defendant to await a ruling on a motion to dismiss for lack of personal jurisdiction before removing a case they know to be removable); *Griggs v. Feins*, No. 09-cv-56, 2010 WL 431967, at *2 (E.D.N.C. Feb. 3, 2010) (same). The Court adopts this reasoning and concludes that Defendants failed to timely remove and that this case will be remanded to Superior Court.

Plaintiff also seeks attorney fees under 28 U.S.C. § 1447(c), asserting that there was no objectively reasonable basis for removal.   The Court declines to order attorney fees, finding that although Defendants did not win the day, they had a colorable claim.

For the reasons stated above, it is hereby

**ORDERED** that Plaintiff's motion to remand [Dkt. 12] is **GRANTED**; and it is

**FURTHER ORDERED** that Plaintiff's request for attorney fees is **DENIED**; and it is

**FURTHER ORDERED** that this case is **REMANDED** to D.C. Superior Court.


Date:   September 14, 2012                   _____/s/_____
                                            ROSEMARY M. COLLYER
                                            United States District Judge